IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:19-CV-166-FL

| | |
|---|---|
| KAROLINA SORENSSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HARBOR FREIGHT TOOLS USA INC., ) | ORDER |
| KAREN THOMAS, MICHAEL CHANINE, ) | |
| ANTHONY MYERS, TANYA NEWTON, ) | |
| AND DANTE (LAST NAME ) | |
| UNKNOWN), ) | |
| ) | |
| Defendants. ) | |

This matter is again before the court for review of plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915(e). After October 28, 2020 order recommitting the matter to her, United States Magistrate Judge Kimberly A. Swank, on November 9, 2020, entered memorandum and recommendation ("M&R") pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that the court dismiss plaintiff's complaint in part and to allow it to proceed in part. On November 24, 2020, plaintiff timely filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R as its own and dismisses the complaint in part and allows it to proceed in part.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, commenced this action by filing motion for leave to proceed in forma pauperis ("IFP") on November 19, 2019. Plaintiff asserts claims for discrete discriminatory employment actions and a hostile work environment on the basis of her race,

religion, sex, and national origin, as well as retaliation, all in violation of Title VII of the Civil Rights Act of 1964.[1] Plaintiff seeks damages and reinstatement to her former position.

On September 22, 2020, the magistrate judge granted plaintiff's IFP motion and entered an initial M&R upon frivolity review. Plaintiff timely filed objections to this M&R on October 2, 2020, and filed additional documents in support of her objections. Upon de novo review of the M&R and of plaintiff's new filings, the court recommitted the matter to the magistrate judge for further frivolity review in light of the additional factual allegations, which the court construed as amendments to plaintiff's proposed complaint.

Upon further frivolity review, the magistrate judge recommended that plaintiff's Title VII race, sex, national origin, and retaliation claims for discrete discriminatory acts, including unlawful termination, reduction of hours, and discipline, be allowed to proceed against defendant Harbor Freight Tools USA Inc. ("HFT"). The magistrate judge also recommended that plaintiff's Title VII claim for hostile work environment on the basis of race, national origin, sex, and religion be allowed to proceed against defendant HFT. However, the magistrate judge recommended dismissal of plaintiff's Title VII claim for discrete discriminatory acts on the basis of religious animus and dismissal of plaintiff's defamation claim and any claims against individual defendants.

Plaintiff specifically objects to the M&R's finding that she did not sufficiently allege defamation or claims against the individual defendants under Title VII and continues to object to the finding that she did not sufficiently allege discrimination on the basis of her religious beliefs.

---

[1] Plaintiff's claim that the court has decided to ignore her claim of disability discrimination is belied by her failure to raise such as a basis of discrimination in her complaint, (Compl. (DE 6) 2), or in her charge to the Equal Employment Opportunity Commission, ((DE 7-1) 14); (DE 7-2) 7), rather than just her civil cover sheet, (DE 1-3). Accordingly, such a claim is not properly before the court. Nor are any claims against state actors for unlawful detention. (See e.g., Pl.'s Obj. 9). Therefore, neither are discussed herein.

## STATEMENT OF FACTS

The facts alleged in plaintiff's pro se complaint and her other filings, construed as amendments to that complaint, are summarized as follows. Plaintiff allegedly is a Hispanic, Christian, woman of Nicaraguan national origin.[2] (Compl. (DE 6) 4). Plaintiff also asserts that she is a Christian, who subscribes to and is committed to the Twelve Step Program. Plaintiff worked at defendant HFT's store locations in Morehead City and Jacksonville, North Carolina, from December 15, 2018, to June 1, 2019. Plaintiff claims that she suffered various Title VII violations, including discrimination and retaliation, at the hands of defendants, who also allegedly defamed her. Specifically, plaintiff alleges that her work hours began to be discriminatorily reduced and given to her white coworkers and that she was "written up" in retaliation and on discriminatory bases. ((DE 7-1) 13). Further, plaintiff alleges that she was defamed when HFT employees publicly asserted that her cash register was "short" during certain shifts. (Compl. (DE 6) 2).

In February 2019, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding the reduction of her hours, which she alleges resulted in a further reduction of her hours and ultimately her termination in retaliation. In the time between her EEOC charge and her termination, plaintiff alleges that she was subjected to unwanted touching by her coworkers and other hostile actions and comments. For example, plaintiff states that when she notified her assistant manager regarding a white customer's comments regarding a potential mass shooting, the assistant manager stated that "it's always the white guys that get blamed." (Id. ¶ 9). Plaintiff further alleges that her sales manager invaded her personal space and touched her inappropriately. Plaintiff also alleges that she was asked by a coworker if she attended a Twelve

---

[2] Plaintiff states in her objections that she identifies as Hispanic-American. (Pl.'s Obj. (DE 7) 5).

Step Program. (Pl.'s Obj. (DE 7) 3). Additionally, plaintiff alleges that, after the purported harassment began, she "asked for information to work in the logistics department," asked for help to "apply to a vacant job," and "ask[ed] to be transferred to another store," (Pl.'s Obj. [DE 7] 3), none of which was presumably acted upon.

Plaintiff asserts that the hostile environment at the stores and the foregoing adverse employment actions were motivated by her race, religion, sex, and national origin and retaliation for her reporting such discrimination.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for clear error and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief against a defendant who is immune from such relief. A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under Federal Rule of Civil Procedure 12(b)(6), a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

Many of plaintiff's objections identify no particular error in the analysis of the M&R nor do they make arguments not already addressed by the magistrate judge's findings. The court discerns the following specific objections to the magistrate judge's recommendations: (1) plaintiff objects to the recommendation that she not be allowed to continue her Title VII claim under a theory of religiously discriminatory adverse employment action; (2) plaintiff objects to the dismissal of her claims against the individual defendants; and (3) plaintiff objects to the dismissal of her defamation claim. Plaintiff's objections additionally include a request for Magistrate Judge Kimberly A. Swank to recuse herself, as well as other members of the Clerk of Court's office to recuse themselves. Finally, plaintiff, as part of her objections, requests that her complaint be sealed if possible.

1. Religious Discrimination

At the Rule 12(b)(6) stage, plaintiff is "required to [have] allege[d] facts to satisfy the elements of [the] cause of action created" by Title VII, McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015), meaning plaintiff must allege, and support with well-pleaded facts, that her employer took adverse employment action against her

5

"because of [her] . . . religion," 42 U.S.C. § 2000e–2(a)(1) (emphasis added); see also id. § 2000(e)-2(m) (explaining that "an unlawful employment practice is established when the complaining party demonstrates that . . . religion . . . was a motivating factor for any employment practice").

On de novo review of plaintiff's factual allegations, the court finds that she has not alleged sufficient facts for a reasonable inference to arise that any adverse employment action was taken against her because of her religion; rather, the complaint and plaintiff's objections focus on how alleged actions were offensive to her religious beliefs. Accordingly, the court adopts the magistrate judge's recommendation and dismisses without prejudice plaintiff's Title VII claim for religious discrimination in the form of discrete, adverse employment actions.

2. Individual Defendants' Title VII Liability

Plaintiff has provided no explanation of how Lissau v. Southern Food Service, Inc.'s holding barring individual liability under Title VII could be overcome in this situation. See 159 F.3d 177, 180-81 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations."). Accordingly, the court dismisses all of plaintiff's Title VII claims against the individual defendants Karen Thomas, Michael Chanine, Anthony Myers, Tanya Newton, and Dante (Last Name Unknown).

3. Defamation

Under North Carolina law, "false words imputing to a merchant or business man conduct derogatory to his character and standing as a business and tending to prejudice him in his business are actionable, and words so uttered may be actionable per se" as defamatory, meaning that such words give rise to a "a prima facie presumption of malice and a conclusive presumption of legal injury and damage, entitling the victim of the defamation to recover damages, nominal at least, without specific proof of injury or damage." Badame v. Lampke, 242 N.C. 755,

6

756-577 (1955). However, "North Carolina cases have held consistently that alleged false statements made by defendants, calling plaintiff 'dishonest' or charging that plaintiff was untruthful and an unreliable employee, are not actionable per se." Stutts v. Duke Power Co., 47 N.C. App. 76, 82 (1980) (first citing Satterfield v. McLellan Stores, 215 N.C. 582 (1919); and then citing Ringgold v. Land, 212 N.C. 369 (1937)).

Plaintiff, again, has not indicated any specific errors in the magistrate judge's reasoning beyond disagreeing with the magistrate judge's ultimate conclusion that plaintiff has not sufficiently stated a claim for defamation against any defendant. On de novo review, the court finds that plaintiff has not alleged sufficient factual bases for a claim of defamation against any of the individual defendants. See Stutts, 47 N.C. App. at 82. Nor has she pleaded a sufficient, specific factual basis for which defendant HFT could be held liable for the allegedly defamatory statements. Gillis v. Tea Co., 223 N.C. 470, 474-75 (1943) ("The principle that the employer is to be held liable for the torts of his employee when done by his authority, express or implied, or when they are within the course and scope of the employee's authority, is equally applicable to actions for slander." (emphasis added)). Accordingly, her claim for defamation is dismissed without prejudice.

    4.     Motion for Recusal

Insofar as plaintiff moves for recusal of individuals, including Magistrate Judge Swank, in plaintiff's objections to the M&R, such a motion finds no basis in law or in fact. The court denies the motion and notes that the "Supreme Court has made crystal clear . . . that litigants may not make the trial judge into an issue simply because they dislike the court's approach or because they disagree with the ultimate outcome of their case." United States v. Gordon, 61 F.3d 263, 268 (4th Cir. 1995).

7

5. Motion to Seal

The public has "a common law right to inspect and copy judicial records and documents." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984); In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d), 707 F.3d 283, 290 (4th Cir. 2013) ([T]he common law presumes a right to access all judicial records and documents.").[3] However, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight, 743 F.2d at 235. Yet, the "party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988).

Here, although the court is sensitive to the fact that plaintiff's complaint contains allegedly defamatory and false statements and personal information about plaintiff's alleged harassment and unlawful termination, the court does not find that the requisite showing has been made to warrant the drastic remedy of sealing of the entire complaint. See also Fed. R. Civ. P. 5.2(a) (explaining that even where sensitive info like "an individual's social security number" is contained in court filing, the proper remedy is limited redaction). Accordingly, plaintiff's motion is denied without prejudice.

**CONCLUSION**

Based on the foregoing, the court orders as follows:

---

[3] There is, of course, also the First Amendment guarantee of access to judicial records, which only extends "to particular judicial records and documents." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Because the court decides plaintiff's motion under the more wide-sweeping common law right of access, the First Amendment right is not discussed.

1. Defendants Karen Thomas, Michael Chanine, Anthony Myers, Tanya Newton, and Dante (Last Name Unknown) are DISMISSED from this action pursuant to 28 U.S.C. § 1915(e);

2. Plaintiff's remaining discrimination claims under Title VII for hostile work environment based on race, national origin, sex, and religious discrimination against defendant HFT are ALLOWED to proceed;

3. Plaintiff's claims under Title VII for discrete adverse employment actions based on race, national origin, sex discrimination and retaliation are also ALLOWED to proceed;

4. Plaintiff's claim under Title VII for discrete adverse employment action based on religious discrimination is DISMISSED WITHOUT PREJUDICE;

5. Plaintiff's defamation claim is DISMISSED WITHOUT PREJUDICE;

6. The clerk is DIRECTED to serve plaintiff's complaint by US Marshal in accordance with Rule 4(c)(3).

SO ORDERED, this the 18th day of December, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge