IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:19-CV-166-FL

| | |
|---|---|
| KAROLINA SORENSSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HARBOR FREIGHT TOOLS USA INC., ) | |
| ) | |
| Defendant.[1] ) | |

This civil rights action is before the court on defendant's motion to dismiss and for more definite statement (DE 16). The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted in part and denied in part.

## STATEMENT OF THE CASE

Plaintiff commenced this action on November 19, 2019, by moving for leave to proceed in forma pauperis. On September 22, 2020, Magistrate Judge Kimberly A. Swank allowed plaintiff to proceed in forma pauperis and, on frivolity review November 9, 2020, recommended that portions of plaintiff's claims be allowed to proceed against a limited number of defendants but that plaintiff's other claims be dismissed. The court adopted that recommendation by December 12, 2020, order.

---

[1] The court constructively has amended the caption of this order to reflect dismissal of prior defendants Karen Thomas, Michael Chanine, Anthony Myers, Tanya Newton, and Dante (Last Name Unknown).

Plaintiff's claims remaining after frivolity review are that her former employer, defendant, violated Title VII of the Civil Rights Act of 1964 by creating a hostile work environment on the basis of her race, national origin, sex, and religion, and by taking adverse employment actions against her based on her race, national origin, sex, and in retaliation for protected activity. Plaintiff seeks $20,500,000.00 in damages and reinstatement to her former position.

Defendant filed the instant motion on January 25, 2021, seeking dismissal of all of plaintiff's claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), except for her claims of sexual harassment and race, sex, and national origin-based discriminatory adverse employment actions, of which defendant seeks a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e). Defendant relies on a copy of plaintiff's administrative charge to the EEOC. Plaintiff filed two responsive documents to which defendant replied. Plaintiff then filed further opposition to the motion and has noted her opposition to defendant's substitution of counsel.

## STATEMENT OF FACTS

The court repeats below the background of this case set forth in its December 18, 2020, order:

> Plaintiff allegedly is a Hispanic, Christian, woman of Nicaraguan national origin. (Compl. (DE 6) 4). Plaintiff also asserts that she is a Christian, who subscribes to and is committed to the Twelve Step Program. Plaintiff worked at defendant HFT's store locations in Morehead City and Jacksonville, North Carolina, from December 15, 2018, to June 1, 2019. Plaintiff claims that she suffered various Title VII violations, including discrimination and retaliation, at the hands of defendants, who also allegedly defamed her. Specifically, plaintiff alleges that her work hours began to be discriminatorily reduced and given to her white coworkers and that she was "written up" in retaliation and on discriminatory bases. ((DE 7-1) 13). Further, plaintiff alleges that she was defamed when HFT employees publicly asserted that her cash register was "short" during certain shifts. (Compl. (DE 6) 2).
>
> In February 2019, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding the reduction of her hours, which she alleges resulted in a further reduction of her hours and ultimately her

2

termination in retaliation. In the time between her EEOC charge and her termination, plaintiff alleges that she was subjected to unwanted touching by her coworkers and other hostile actions and comments. For example, plaintiff states that when she notified her assistant manager regarding a white customer's comments regarding a potential mass shooting, the assistant manager stated that "it's always the white guys that get blamed." (Id. ¶ 9). Plaintiff further alleges that her sales manager invaded her personal space and touched her inappropriately. Plaintiff also alleges that she was asked by a coworker if she attended a Twelve Step Program. (Pl.'s Obj. (DE 7) 3). Additionally, plaintiff alleges that, after the purported harassment began, she "asked for information to work in the logistics department," asked for help to "apply to a vacant job," and "ask[ed] to be transferred to another store," (Pl.'s Obj. (DE 7) 3), none of which was presumably acted upon.

Sorensson v. Harbor Freight Tools USA Inc., No. 4:19-CV-166-FL, 2020 WL 7419217, at *2 (E.D.N.C. Dec. 18, 2020). Additional alleged facts pertinent to the motions will be discussed in the analysis below.[2]

## COURT'S DISCUSSION

A.  Various Implicit Pro Se Motions

Plaintiff's filings contain a variety of requested relief imbedded in her arguments against defendant's motion. The court briefly addresses each below.

Insofar as plaintiff seeks the removal of opposing counsel (see, e.g., (DE 25) at 1), opposes substitution of counsel (see, e.g., (DE 28) at 1), or requests an order directing defendant's counsel to cease "the slander of [her] persona" in their filings on defendant's behalf (see, e.g., (DE 25) at 4), plaintiff's filings fail to identify a cognizable legal basis for the court to grant such remedies.

Further, to the extent plaintiff seeks appointment of counsel by the court, which she at times asserts should be paid for by defendant, (See (DE 21) at 3; (DE 28) at 4; (DE 30) at 2), the

---

[2] The court however does not address further factual allegations raised by plaintiff in her later filings, (see, e.g., Pl.'s Resp. (DE 23) at 15 (alleging for the first time certain comments made about her "OCD")), given that she has already been allowed to constructively amend her complaint once. See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 449 (4th Cir. 2011) ("[S]tatements . . . that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion.").

3

court may, in certain circumstances, "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "The power to appoint is a discretionary one." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). However, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). Plaintiff has not shown that in this case exceptional circumstances justify the appointment of counsel.

Finally, to the extent plaintiff "appeal[s] . . . decisions by the court" dismissing her claims of religious discrimination and defamation, (see Pl.'s Resp. (DE 23) at 13), she has not demonstrated a right to relief under Rule 54(b) for reconsideration of the court's December 18, 2020, decision adopting the magistrate judge's recommendation upon frivolity review. See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003) (delineating law-of-the-case standard).

B.  Motion to Dismiss

   1.  Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-

4

pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (quotations omitted).

2. Analysis

a. Failure to Exhaust Administrative Remedies

"An individual alleging discrimination in violation of Title VII must first file an administrative charge with the EEOC." Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005) (citing 42 U.S.C § 2000e-5(e)); see also id. at 509 ("An individual cannot bring suit until he has exhausted the administrative process." (citing 42 U.S.C. § 2000e-5(b), (f)(1))). "[C]laims raised under Title VII [that] exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof . . . are procedurally barred." Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995). Accordingly, the Title VII claim in a judicial complaint typically must charge conduct "by the same actor" as the EEOC charge or elsewise by barred by a failure to exhaust. See Sydnor v. Fairfax County, 681 F.3d 591, 594 (4th Cir. 2012).

For example, the United States Court of Appeals has found that this exhaustion requirement was not met "where a charge alleges only racial discrimination but the complaint includes sex discrimination or where a charge alleges only retaliation but the complaint alleges racial discrimination." Id. at 593-94 (citations omitted). Similarly, "a claim will also typically be barred if the administrative charge alleges one type of discrimination—such as discriminatory failure to promote—and the claim encompasses another type—such as discrimination in pay and benefits." Chacko, 429 F.3d at 509.

5

Here, review of plaintiff's EEOC charge reveals only the check boxes regarding race, sex, and national origin discrimination were marked. (See Pl.'s EEOC Charge (DE 7-1) at 14)). However, plaintiff's complaint is not limited by such, standing alone. Rather, it is "[t]he allegations contained in the administrative charge of discrimination [that] generally operate to limit the scope of any subsequent judicial complaint." Chacko, 429 F.3d at 509.

Examining the entirety of the EEOC charge and allegations contained therein, plaintiff alleged discrimination on the basis of her sex, race, and national origin by reductions in her hours and work responsibilities and by disciplinary action. (See Pl.'s EEOC Charge (DE 7-1) at 12-14). Further, plaintiff's EEOC charge alleged a hostile work environment on the basis of her sex, race, and national origin. (See id. at 12). And defendant does not assert that plaintiff failed to administratively exhaust these claims. (Def.'s Mem. (DE 17) at 5-6). Rather, defendant asserts that plaintiff failed to charge in her administrative complaint a religiously hostile work environment, retaliation, and discriminatory failure to promote or termination.

Contrary to defendant's assertion, plaintiff's failure to check the box for retaliation as a basis for her EEOC charge does not limit her ability, here, to allege such conduct in her complaint because her charge also included specific factual assertions related to retaliation and an explicit invocation of retaliation principles. Plaintiff specifically alleged she "engaged in protected activity" by "complain[ing] to the manager . . . about harassment and race/sex discrimination." (Pl.'s EEOC Charge (DE 7-1) at 12-13). She further alleged that she suffered "retaliation for [her] engagement in the protected activities," explaining that her "job responsibilities and sales opportunities were cut after [she] had complained (among other harassment complaints)." (Id. at 13). This is sufficient to exhaust plaintiff's administrative remedies for retaliatory reduction in hours, work responsibilities, and discipline, which is what is subsequently alleged in the complaint

6

in effect. See Sydnor, 681 F.3d at 595 ("The touchstone for exhaustion is whether plaintiff's administrative and judicial claims are reasonably related." (quotation omitted)).

In contrast, the hostile work environment on the basis of plaintiff's religious beliefs alleged in the complaint (see Compl. (DE 6) at 3-4; Pl.'s Obj. (DE 7) at 3), is absent from the EEOC charge and not "reasonably related" to any conduct charged therein. See, e.g., Sydnor, 681 F.3d at 593-94 ("We have therefore not found exhaustion where a charge alleges only racial discrimination but the complaint includes sex discrimination . . . ."). The EEOC charge is similarly barren of any factual allegations of, or even related to, a failure by defendant to promote plaintiff or defendant's termination of plaintiff, which, if occurring subsequent to plaintiff's initial charge, could have been added through amendment. See 29 C.F.R. § 1601.12 ("[A]mendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received."). Therefore, plaintiff failed to exhaust her administrative remedies in reference to these claims and cannot now bring them by judicial complaint.[3] Plaintiff's claims on those bases are dismissed without prejudice.

    b.   Hostile Work Environment Claim

The elements of a hostile work environment claim are that "that there is (1) unwelcome conduct; (2) that is based on the plaintiff's protected characteristic; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." Guessous v. Fairview Prop. Invs., LLC, 828 F.3d 208, 221 (4th Cir. 2016) (quotation omitted); Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (examining whether the "alleged facts [are] sufficient to

---

[3] The same is true of plaintiff's assertion of sexual orientation discrimination, raised for the first time in response to defendant's motion to dismiss, (see Pl.'s Resp. (DE 21) at 1), which appears nowhere in her EEOC charge or her frivolity-reviewed complaint.

7

state the elements of her claims of hostile work environment based on gender, race, and age" by reference to the above four elements).

"[W]hen determining whether the harassing conduct was objectively severe or pervasive, we must look at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." E.E.O.C. v. Sunbelt Rentals, Inc., 521 F.3d 306, 315 (4th Cir. 2008). "Rude treatment by coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor, are not actionable under Title VII." Perkins v. Int'l Paper Co., 936 F.3d 196, 208 (4th Cir. 2019) (quotation omitted); see also Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment."). The "standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a general civility code." Faragher, 524 U.S. at 788.

Here, while plaintiff asserts that she suffered a hostile work environment on the basis of her race and national origin (her claim of a religiously hostile workplace having already been dismissed for failure to exhaust), the facts alleged in the complaint and in the filing previously construed by the court as an amendment to the complaint fail to give rise to an inference of sufficiently severe or pervasive conduct to alter the plaintiff's conditions of employment.

Plaintiff asserts that in February 2019, when she informed former defendant Tanya Newton ("Newton") of a white customer's comment that "all people with coupons should be killed and shot," Newton replied that "it's always the white guys that get blamed." (Pl.'s Obj. (DE 7) at 4). This comment, taken on its own, is the exact type of callous or rude behavior or offensive utterance

that, while certainly uncivil, is not actionable as a Title VII violation. The court cannot credit the bare conclusion that "unlike [plaintiff], the Caucasian-American male employees are not harassed or treated with hostility" without further factual enhancement. Nemet, 591 F.3d at 255.

Further, the allegation that plaintiff faced hostility by those of races different from her own is not enough. The heart of a racially hostile work environment claim is that the "actions . . . occur because of one of the protected statuses" because "Title VII does not prohibit all verbal or physical harassment in the workplace," but rather impermissibly discriminatory harassment. Strothers v. City of Laurel, 895 F.3d 317, 329 (4th Cir. 2018) (emphasis added) (quotation omitted); see also Irani v. Palmetto Health, 767 F. App'x 399, at 417 (explaining that a Title VII claim would not lie even where a supervisor "made unwelcome racist comments" and had a "fraught" relationship with employee-plaintiff when there was no indication that the "strained relationship was based upon . . . race."). The fact that those who allegedly harassed plaintiff were not also Hispanic does not, standing on its own, give rise to a reasonable inference that they harassed her because she is Hispanic, rather such a factual allegation leaves it to speculation as to the motive of the alleged harassers' conduct.

Plaintiff's allegations include even less detail regarding the alleged harassment based on her national origin. Although she makes the conclusory allegation that other employees of American origin were not treated with hostility, she does not provide a sufficient factual basis to make it plausible that any hostility towards her was on the basis of her Nicaraguan origin.

In sum, the facts alleged in the complaint do not plausibly claim a workplace that was "permeated with discriminatory intimidation, ridicule, and insult." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, (1993) (quotation omitted)). Therefore, plaintiff's hostile work environment claims on the bases of race and national origin are dismissed without prejudice.

Plaintiff's then remaining claims are her Title VII claims of sexual harassment and discriminatory adverse employment actions (her reduction in hours, discipline, and alteration in work conditions) on the bases of her race, sex, and national origin. Further, because defendant only sought dismissal of plaintiff's Title VII retaliation claim on administrative exhaustion grounds, which the court denied, that claim, too, is allowed to proceed.

C. Motion for More Definite Statement

Rule 12(e) allows a party to "move for a more definite statement of a pleading . . . [if it] is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); see also 5C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil § 1376 (3d ed.) ("[T]o withstand a motion under Rule 12(e) a pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed.").

The United States Court of Appeals for the Fourth Circuit has explained that "when the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement and require the defendant to bring the case to issue by filing a response within the time provided by the rules." Hodgson v. Virginia Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973). Rule 8(a) requires that a pleading contain 1) "a short and plain statement of the grounds upon which the court's jurisdiction depends"; 2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and 3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).

For example, in Hodgson, the Fourth Circuit explained that Rule 12(e) relief was not proper where "[t]he complaint stated the jurisdictional grounds for the claim, identified the sections of the Act that the [defendant] had allegedly violated, described the nature of the violations, specified

10

the period of time in which they occurred, and notified the [defendant] of the relief the [plaintiff] sought." Hodgson, 482 F.2d at 823-24.

Defendant's motion is hampered initially by its explicit concession that "plaintiff has likely met the minimal pleading requires necessary to move forward" on her claim of sexual harassment, (Def's Mem. (DE 17) at 8 n.4), which indicates that plaintiff's pleadings are not so vague and ambiguous that defendant was unable to conclude that they do likely state a claim upon which relief can be granted. This raises the question of the plausibility of defendant's assertion that, on the other hand, those same pleadings are such that it cannot reasonably prepare the denials or admissions envisioned by Rule 8(b).

Further, while not the model of clarity, plaintiff's pleadings are not such that defendant lacks "fair notice of what the claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (quotation and omission omitted), and is unable to "respond—even with a simple denial—in good faith, without prejudice to" itself. 5C Wright, Miller, & Kane Federal Practice and Procedure Civil § 1376.

Construing plaintiff's pleadings liberally, as the court must, DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018), and holding them "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), they sufficiently identify the three core aspects of Rule 8(a)'s requirements. The form pleading upon which plaintiff relied identifies that "[j]urisdiction is specifically conferred on this court by 42 U.S.C. § 2000e-5." (See Compl. (DE 5) at 2). Plaintiff indicates the types of conduct complained of, providing relevant dates, at times, and the characteristics of those involved in the conduct. (See, e.g., Compl. (DE 6) at 2, 3, 4; Pl.'s Obj. (DE 7) at 2-3, 4). See generally Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002) (distinguishing between whether "allegations give [defendant] fair notice of what

[plaintiff's] claims are and the grounds upon which they rest" and whether "they state claims upon which relief could be granted").  Finally, plaintiff identifies on her form complaint that she seeks monetary damages, reinstatement, and a trial by jury.  (See Compl. (DE 6) at 5).

Rather, the primary deficiency that defendant complains of is that the pleadings contain "vague and conclusory allegations" that "differ so significantly from the [EEOC] Charge allegations, that [d]efendant cannot form a response without further clarification." (Def.'s Mem. (DE 17) at 11).  The fact that any allegations are conclusory would, of course, be relevant to defendant's Rule 12(b)(6) motion had it sought dismissal of the complained-of claims on that ground. See Iqbal, 556 U.S. at 678 (explaining that, on Rule 12(b)(6) review, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). However, it did not.  Moreover, to the extent that plaintiff's pleadings differ from her EEOC charge, while such may implicate whether such pleadings state a claim upon which relief can be granted and are plausible, the differences between the two do not prejudice defendant's ability to coherently respond by, for example, denying that allegations either as appearing the complaint or the attached EEOC charge are true.  Defendant points the court to no authority standing for the proposition that a conflict between an EEOC charge and a judicial complaint results in the latter being so vague or ambiguous that a defendant cannot reasonably prepare a response to the complaint as would merit relief under Rule 12(e).

In short, defendant has not shown that relief under Rule 12(e) is appropriate here.  See Fed. R. Civ. P. 12(e) (explaining that "[t]he motion must . . . point out the defects complained of and the details desired").  Therefore, this part of its motion is denied.

12

Case 4:19-cv-00166-FL   Document 31   Filed 08/31/21   Page 12 of 13

## CONCLUSION

Based on the foregoing, defendant's motion is (DE 21) is GRANTED IN PART and DENIED IN PART. That part of the motion seeking dismissal of part of plaintiff's claims under Rule 12(b)(6) is GRANTED. That part of the motion seeking a more definite statement is DENIED. Plaintiff's Title VII claims based on sexual harassment; race, sex, and national origin-based discriminatory adverse employment actions; and retaliation are ALLOWED to proceed. The following claims are DISMISSED WITHOUT PREJUDICE: plaintiff's Title VII claims for a hostile work environment based on religion, race, and/or national origin and claims for failure to promote and termination. Pursuant to Rule 12(a)(4)(A), defendant's responsive pleading must be served within 14 days of this order.

SO ORDERED, this the 31th day of August, 2021.

LOUISE W. FLANAGAN
United States District Judge